**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ARTHUR ROY MORRISON, ID # 1492042,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:12-CV-4916-N (BH)** |
| | ) | |
| **RICK THALER, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for findings and recommendation. Before the Court is the petitioner's *Nihil Dicit*, received February 26, 2013 (doc. 25). He seeks a default judgment on grounds that the respondent did not file a response to his federal habeas petition within sixty days. Based on the relevant filings and applicable law, the motion should be **DENIED**.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

In this case, the docket reflects that the Attorney General for the State of Texas was served electronically on December 18, 2013. The sixtieth day after that date was February 17, 2013, which fell on a weekend, followed by a federal holiday on February 18, 2013. The respondent's answer

was therefore due the next business day, February 19, 2013.  *See* Fed. R. Civ. P. 6(a)(1)(C)(providing that if the last day of the time period  for a party to take action as provided by the rules falls on a weekend or legal holiday, the period continues to run until the end of next day that is not a weekend or holiday).  On that date, the respondent filed a motion requesting a thirty-day extension of the deadline to file a response.  (doc. 22).  On February 20, 2013, the Court issued an order granting the respondent's motion and extending the deadline to file a response until March 21, 2013.  The respondent has therefore not failed to timely plead or otherwise defend this action.

Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).  Because the respondent has appeared to defend this action, the petitioner's motion should be **DENIED**.

**SO RECOMMENDED on this 27th  day of February, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE