**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ARTHUR ROY MORRISON, ID # 1492042, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:12-CV-4916-N (BH) |
| ) | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for findings and recommendation. Before the Court is *Petitioners Omnibus Motion*, received March 8, 2013 (doc. 32). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.  Background**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 that was received on November 30, 2013. (*See* doc. 3.) He challenges his 2008 conviction in Dallas County, Texas. (*Id.*) The respondent is Rick Thaler, Director of TDCJ-CID.

On February 26, 2013, the Court received petitioner's *Nihil Dicit* (doc. 25), in which he sought a default judgment on grounds that the respondent had not filed a response to his federal habeas petition within sixty days. On February 27, 2013, it was recommended that the motion be denied because the respondent had timely appeared and filed a motion for an extension of time to answer. (*See* doc. 26.) The respondent's answer is currently due on March 21, 2013. (*See* doc. 24.)

**II.  Bench Warrant and Hearing**

The petitioner now moves for a hearing concerning his objections to the findings, conclusions and recommendation. He also seeks the issuance of a bench warrant to allow him to

appear at the hearing, or in the alternative, an order that he be allowed to attend by video conference. No objections to the findings, conclusions and recommendation have yet been filed. The petitioner has not shown why a hearing is necessary or how it would assist in the determination of the issues before the Court. The motion should therefore be denied.

### III. Default Judgment

The petitioner also reasserts his motion for a default judgment. As set forth in the findings, conclusions and recommendation dated February 27, 2013, the respondent has timely appeared and shown his intent to defend this action. His deadline for filing a response to the petition has been extended by the Court until March 21, 2013. For the same reasons as the initial motion for default judgment, the current motion should be denied.

### IV. Sanctions

The petitioner seeks sanctions against the respondent's attorney for allegedly committing perjury and filing frivolous pleadings.

Rule 11(b) provides that by presenting a filing to a court, attorneys and *pro se* litigants are certifying that to the best of their belief, after reasonable inquiry, (1) the filing is not being presented for an improper purpose, such as harassment, delay, or increasing costs; (2) any claims and/or defenses in the filing are supported by either existing law or by a nonfrivolous argument for changing existing law or establishing new law; and (3) factual contentions have or will likely have evidentiary support. The purpose of the rule is to "deter baseless filings in district court", *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits", *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987). After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropri-

2

ate sanctions. Fed. R. Civ. P. 11(c)(1). These may include monetary and injunctive sanctions, *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986), and even dismissal, *see Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003). Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993); Fed. R. Civ. P. 11(c)(4). The moving party has the burden to overcome the presumption that pleadings are filed in good faith. *Tompkins v. Cyr,* 202 F.3d 770, 788 (5th Cir.2000).

Rule 11(c)(2) provides that a motion must be made separately from any other motion and must describe the specific sanctionable conduct. The rule contains a safe harbor provision that requires that the motion "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." This requirement is strictly construed and substantial compliance is insufficient. *Cf. In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008) (addressing "substantially identical" bankruptcy Rule 9011). Informal notice and opportunity to withdraw is not an adequate substitute for serving a copy of the motion at least twenty-one days before filing the motion with the court. *Id.* A motion for Rule 11 sanctions is appropriately denied when the movant fails to comply with this requirement. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). The movant has the burden to show compliance with the safe harbor provision. *See Harris v. Auxilium Pharms., Inc.*, 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009).

Here, the movant has not shown compliance with the safe harbor provision. Nor does his motion specify the specific sanctionable conduct or overcome the presumption that the respondent's only filing, a motion for extension of time, was not filed in good faith. His motion for sanctions

3

under Rule 11 should be denied.

## V. Expedited Relief

Lastly, the petitioner asks "for habeas relief in exigence." To the extent that he seeks an expedited ruling on his petition, 28 U.S.C. § 1657 provides that

> [n]otwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action . . . if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit.

The petitioner has not established good cause under § 1657 to expedite a ruling on his petition for a writ of habeas corpus. Additionally, as noted, the respondent's answer or response is not due until March 21, 2013, so this case is not yet ripe for consideration. Accordingly, any motion for expedited ruling or relief should be denied.

## VI. Recommendation

The petitioner's motion should be **DENIED**.

**SO RECOMMENDED on this 11th day of March, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE