**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ARTHUR ROY MORRISON, ID # 1492042,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:12-CV-4916-N  (BH) |
| ) | |
| **RICK THALER, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for findings and recommendation.  Before the Court is *Petitioner's Second Motion for Sanctions Mal AAG Cooper*, received April 12, 2013 (doc. 45).  Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.  Background**

Arthur Roy Morrison (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 that was received on November 30, 2013.  (*See* doc. 3.) He challenges his 2008 conviction in Dallas County, Texas.  (*Id.*)  The respondent is Rick Thaler, Director of TDCJ-CID (Respondent).

Petitioner seeks sanctions against Respondent's attorney for allegedly committing perjury based on his certifications in his motion for an extension of time to file a response (*see* doc. 38) that he sent petitioner copies of his motion and brief and that a conference with Petitioner was not possible due to his incarceration.  (*See* doc. 45.)  He also seeks sanctions based on the representation that petitioner had filed four memoranda with the Court.  (*Id.*)

**II.  Motion for Sanctions**

Rule 11(b) provides that by presenting a filing to a court, attorneys and *pro se* litigants are certifying that to the best of their belief, after reasonable inquiry, (1) the filing is not being presented for an improper purpose, such as harassment, delay, or increasing costs; (2) any claims and/or defenses in the filing are supported by either existing law or by a nonfrivolous argument for changing existing law or establishing new law; and (3) factual contentions have or will likely have evidentiary support. The purpose of the rule is to "deter baseless filings in district court", *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits", *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987). After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). These may include monetary and injunctive sanctions, *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986), and even dismissal, *see Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003). Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993); Fed. R. Civ. P. 11(c)(4). The moving party has the burden to overcome the presumption that pleadings are filed in good faith. *Tompkins v. Cyr,* 202 F.3d 770, 788 (5th Cir.2000).

Rule 11(c)(2) provides that a motion must be made separately from any other motion and must describe the specific sanctionable conduct. The rule contains a safe harbor provision that requires that the motion "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." This requirement is strictly construed and substantial compliance is insufficient. *Cf. In re Pratt*, 524 F.3d 580, 586-88 (5th Cir.

2008) (addressing "substantially identical" bankruptcy Rule 9011). Informal notice and opportunity to withdraw is not an adequate substitute for serving a copy of the motion at least twenty-one days before filing the motion with the court. *Id.* A motion for Rule 11 sanctions is appropriately denied when the movant fails to comply with this requirement. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). The movant has the burden to show compliance with the safe harbor provision. *See Harris v. Auxilium Pharms., Inc.*, 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009).

Here, Petitioner has not met his burden to show compliance with the safe harbor provision. Nor do his conclusory and blanket assertions that Respondent's attorney has committed perjury overcome the presumption that his certifications and assertions in the filings were made in good faith.

## VI. Recommendation

Petitioner's motion should be **DENIED**.

**SO RECOMMENDED on this 15th day of April, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE