IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR ROY MORRISON, | ) | |
| ID # 1492042, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:12-CV-4916-N-BH |
| | ) | |
| WILLIAM STEPHENS, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court are the petitioner's *Motion for Relief from Judgment or Order under Rule 60(b)(3)* (doc. 140), *Motion to Amend* (doc. 141), *Motion for Evidentiary Hearing* (doc. 134), *Motion to Appoint Counsel* (doc. 136), *Motion for Production and Inspection* (doc. 137), *Motion for Certified Clerk's Record* (doc. 138), *Request for Designations* (doc. 139), and *First Amended Petition* (doc. 133), all received on March 4, 2015. Based on the relevant filings, and applicable law, the motions should be **DENIED**, and the petitioner should be sanctioned.

**I.  BACKGROUND**

On November 30, 2012, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2008 conviction for aggravated assault in Dallas County, Texas, enhanced by a prior theft conviction. (*See* doc. 3 at 2: Clerk's Record (C.R.) 2-4.)  The habeas petition was ultimately denied on its merits on November 12, 2013.  (*See* docs. 97,119-20.)  On November 13, 2013, the petitioner filed a motion for relief from judgment and two other post-judgment motions, all of which were denied by order entered on December 16, 2013.  (*See* doc.

126.) The petitioner filed additional post-judgment motions on December 13, 2013, December 16, 2013, and January 6, 2014, and all three were denied by order entered January 7, 2014. (*See* doc. 130.) That order expressly warned the petitioner that he "may be subject to sanctions if he continues to file frivolous pleadings in this Court." (*Id.*) The petitioner filed yet another post-judgment motion on December 5, 2014, and it was denied by order entered December 29, 2014. (doc. 132.)

The petitioner now seeks relief from judgment on the basis of fraud. (doc.140 at 1-2.) He contends that the Court denied him disclosures that would have enabled him to prove that his underlying conviction was a fraudulent judgment, and that this denial constitutes fraud and misconduct that substantially interfered with his ability to prepare his case. (*See id.*) He has also moved for leave to file an amended petition that adds new claims, and for an evidentiary hearing, appointment of counsel, discovery, designations, and copies of the record. (*See* docs. 133-34, 136-39, 141.) On March 9, 2015, he also filed an "Addendum Exhibits" with a copy of his underlying judgment of conviction and a letter he wrote to a court staff attorney raising challenges to the authenticity of the judgment. (*See* doc. 142.)

## II.  RULE 60(b)(3) MOTION

Petitioner moves for relief from judgment under Rule 60(b)(3), alleging fraud. Rule 60(b) of the Federal Rules of Evidence provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6)

any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3). *See* FED. R. CIV. P. 60(c)(1).

In this case, judgment was entered on November 12, 2013. The motion for relief from judgment under Rule 60(b)(3) was filed on March 4, 2015, over fifteen months later. The petitioner's motion seeks relief only under Rule 60(b)(3), so it is therefore untimely.

Because the petitioner has filed his motion more than one year after judgment was entered in his case, it may be liberally construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Here, the petitioner argues in his motion under Rule 60(b) that the denial of his request for disclosure of certain records prevented him from discovering information regarding a fraudulent judgment. He argues that the findings, conclusions and recommendation entered in this case contained inaccurate dates concerning his ineffective assistance claims against counsel, and that he was denied extensions of time and stays that prevented him from discovering a "second' fraudulent judgment. He also claims that he was harmed by the denial of numerous writs of mandamus, including by the Texas Court of Criminal Appeals. He contends that this Court acted without jurisdiction in a separate action, No. 3:14-CV-2776-D(BH), and that he could not respond because his papers were confiscated and held for over thirty days. (doc. 140.) The petitioner alleges that all of this amounted to fraud or misconduct that substantially interfered with his ability prepare his case. (doc. 140.)

Contrary to the petitioner's claims, he had a fair opportunity to present all of his claims and all of the facts in support of those claims, and his claims were denied on their merits. The petitioner has shown no extraordinary circumstances that demonstrate a reason to disturb the final judgment in this case, and his motion for relief from judgment should be denied.

### III. MOTION TO AMEND PETITION

A post-judgment motion to amend a complaint may only be granted if a judgment is first vacated under Rule 59 or 60, and it should be denied unless a plaintiff clearly establishes that he could not raise the new evidence or argument prior to judgment. *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). As discussed above, the petitioner has not provided a basis for vacating the judgment under Rule 60. Nor has he shown that he could not have raised his new claims about alleged fraudulent "judgments' and actions at every level of his prior efforts to challenge his state

4

conviction prior to judgment. (doc. 141.) Any post-judgment motion for leave to amend is therefore subject to denial.

## IV. REMAINING MOTIONS

Because the petitioner has presented no basis for relief from judgment under Rule 60(b), or for allowing a post-judgment amendment of his complaint, his motions for an evidentiary hearing, appointment of counsel, discovery, designation, and copies of the record should also be **DENIED.**

## V. SANCTIONS

The petitioner was previously warned that he "may be subject to sanctions if he continues to file frivolous pleadings in this Court." (doc. 130.) More than one year later, he has filed six post-judgment motions and a first amended petition without having first obtained an order authorizing relief from the long-closed judgment in this case. The Court should sanction the petitioner by barring him from filing any other pleading or paper in this case, other than objections to this recommendation or a notice of appeal from any order adopting it. It should also warn him that if he does so, he will be subject to additional sanctions, including but not limited to, monetary sanctions.

## VI. RECOMMENDATION

The petitioner's post-judgment motions, received on March 4, 2015 (docs. 134, 136, 137, 138, 139, 140, and 141), should be **DENIED.** He should be sanctioned and barred from filing any other pleading or paper in this case, other than objections to this recommending or a notice of appeal from any order adopting it. He should also be warned that if he files any other pleading or paper in this case, he will be subject to additional sanctions, including but not limited to, monetary sanctions.

**SIGNED this 10th day of March, 2015.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE