IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTHUR ROY MORRISON, ) | |
| (ID # 1492042), ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:12-CV-4916-N (BH) |
| ) | |
| WILLIAM STEPHENS, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | Referred to U.S. Magistrate Judge |

## RECOMMENDATION REGARDING IN FORMA PAUPERIS
## AND CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 636(b) and *Amended Miscellaneous Order No. 6* (adopted by *Special Order No. 2-59* on May 5, 2005), requests to proceed *in forma pauperis* on appeal are automatically referred. Before the Court are the petitioner's *Motion For COA*, received on April 3, 2015 (doc. 152), and his *Notice of Appeal* (doc. 154) and *Application to Proceed In forma Pauperis* on appeal (doc. 154), both received April 16, 2015. These filings relate to an order denying motions for relief under Federal Rule of Civil Procedure 60(b) in a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254. Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c), it is recommended that:

**IFP STATUS**:

(**X**)     the party appealing should be DENIED *in forma pauperis* status on appeal because the court should certify that the appeals are not taken in good faith for the reasons stated in the Findings, Conclusions, and Recommendation of the United State Magistrate Judge, filed on **March 10, 2015** and **March 20, 2015**, which were adopted by the District Court on **April 2, 2015**.

**COA:**

( )     a Certificate of Appealability should be GRANTED. (See issues set forth below).

(**X**)     a Certificate of Appealability should be DENIED. (See reasons stated below).

**REASONS FOR DENIAL:** For the reasons stated in the Findings, Conclusions and Recommendation of the United States Magistrate Judge, filed on **March 10, 2015** and **March 25, 2015**, which were adopted by the District Court on **April 2, 2015**, the petitioner has failed to show that reasonable jurists would find it debatable whether the Court was correct in denying the motions for relief under Rule 60(b). *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003)*; Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); 28 U.S.C. § 2253(c)(2).

**DATED this 17th day of April, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE